1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KEVIN ALLEN,                          Case No.  1:22-cv-00633-HBK (PC)

12                    Plaintiff,            FINDINGS AND RECOMMENDATIONS TO
                                            DENY PLAINTIFF'S MOTION FOR LEAVE
13          v.                              TO PROCEED *IN FORMA PAUPERIS*
                                            UNDER 28 U.S.C. § 1915 (g)[1]
14    A. DELACRUZ,
                                            (Doc. No. 11)
15                    Defendant.
                                            FOURTEEN-DAY OBJECTION PERIOD
16
                                            ORDER TO ASSIGN TO DISTRICT JUDGE
17

18

19          Plaintiff Kevin Allen, a state prisoner, initiated this action on May 26, 2022, by filing a

20    pro se prisoner civil rights complaint under 42 U.S.C. § 1983.  (Doc. No. 1, "Complaint").

21    Plaintiff seeks to proceed *in forma pauperis*.  (Doc. No. 11, "IFP").  For the reasons discussed

22    below, the undersigned recommends the District Court deny Plaintiff's IFP motion under 28

23    U.S.C. § 1915(g) because Plaintiff has had at least three dismissals that constitute strikes and the

24    Complaint does not establish Plaintiff meets the imminent danger exception.

25                            **BACKGROUND AND FACTS**

26          Plaintiff's Complaint consists of twelve (12) handwritten pages.  (Doc. No. 1 at 1-12).

27    ───────────────────────

28    [1] This matter was referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(B) and Eastern District of
      California Local Rule 302 (E.D. Cal. 2022).

The Complaint identifies one defendant, A. Delacruz, a correctional officer at Kern Valley State Prison and alleges a violation of the Eighth Amendment.  (*Id*. at 1, 2, 4).  According to the Complaint, on August 21, 2021, Defendant allegedly used excessive force in manipulating Plaintiff's wrists to put them behind his back and place him in hand restraints once his wrists were behind his back.  (*Id*. at 5-8).  Plaintiff contends that his hands should have been placed in front of him instead of behind his back because he wears a waist chain, which Defendant knew. (*Id*. at 9).  Plaintiff acknowledges he was written a rules violation report ("RVR") in connection with the incident  and was found guilty of the RVR.  (*Id*. at 8).  As relief, Plaintiff is seeking compensatory and punitive damages in the amount of  $90,000.00 (Plaintiff does not specify if such relief is compensatory or punitive), costs, and for the Court to order that Plaintiff get "counsel" for his mental health.[2]  (*Id*. at 11).

## APPLICABLE THREE STRIKE LAW

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation.  *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)).  Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim.  *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning

---

[2] The Court construes the request as seeking counsel for Plaintiff's mental health (the Complaint includes facts regarding an interview with mental health officials prior to the incident).  The Complaint, however, does not otherwise allege any facts which indicate that Plaintiff is not receiving treatment for mental health issues, if any.

the order dismissing the case must have been docketed before plaintiff initiated the current case. *See* § 1915(g). The reviewing court then looks to the basis of prior dismissals. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). It is immaterial whether the dismissal for failure to state a claim to count was with or without prejudice, as both count as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews v. Caervantes*, 493 F.3d 1047, 1051-52 (9th Cir 2007) (addressing imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

In order to avail oneself of this narrow exception, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, No. 19-17093, ___ F. 4th ___, 2022 WL 1073607, at *6 (9th Cir. Apr. 11, 2022) (adopting nexus test). "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id*. at *7 (adopting test as articulated by Second Circuit, citation omitted). The three-strikes litigant must meet both requirements of the nexus test to proceed. *Id*.

Assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11.  Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient.  *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).  Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Thus, conditions that posed imminent danger to a plaintiff at some earlier time are immaterial, as are any subsequent conditions.  *Andrews*, 493 F.3d at 1053; *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), some courts have found that the proper procedure is to dismiss the case without prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled. *Hardney v. Hampton*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 4896034, at *4 (E.D. Cal. Oct. 20, 2021), *report and recommendation adopted*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 6051701 (E.D. Cal. Dec. 21, 2021) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005).  Other courts have first afforded the plaintiff an opportunity to pay the filing fee before dismissing the case.  *See Gorby v. Internal Revenue Service, Fresno*, Case No. 1:21-cv-320-NONE-HBK, 2021 WL 1339146, *report and recommendation adopted in part and rejected in part*, 2021 WL 2227810 (E.D. Cal. June 2, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not, then requiring dismissal); *Trujillo Cruz v. White*, No. 2:19-cv-1304-KJM-DMC, 2019 WL 4917192 (Oct. 4, 2019), *report and recommendation adopted in part and rejected in part*, *Trujillo-Cruz v. White*, 2020 WL 1234201 (E.D. Cal. March 13, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not then requiring dismissal).

The preceding law must be taken in the context of congressional intent when enacting the Prison Litigation Reform Act.  As the United States Supreme Court noted in *Lomax*, "[t]he point of the PLRA . . . was to cabin not only abusive but also simply meritless prisoner suits."  *Lomax*,

4

140 S.Ct. at 1726.  And the three strikes provision, in particular, was aimed "to disincentivize frivolous prisoner litigation."  *Hoffman v. Pulido*, 928 F.3d 1147, 1148-49 (9th Cir. 2019).

**ANALYSIS**

**A.  Plaintiff Has Three or More Qualifying Strikes**

A review of the Pacer Database[3] reveals Plaintiff has filed at least 10 civil actions or appeals in a court of the United States.  Although not exhaustive, for purposes of these findings and recommendations, each of the following cases are properly deemed qualifying § 1915(g) strikes and each was entered before Plaintiff commenced the instant action:

| Date of Order | Case Style | Disposition |
|---|---|---|
| September 19, 2011 | *Allen v. T. Scott et al.*, Case No. 1:10-cv-00183-GSA (E.D. Cal. 2010) | Order dismissing the operative complaint for a failure to state a claim. Plaintiff was given leave to amend the operative complaint but when he failed to amend the complaint the court dismissed the claims in the original complaint for a failure to state a claim |
| June 27, 2016 | *Allen v. L. Tobin, et al.*, Case No. 3:15-cv-01075-JCS (N.D. Cal. 2015) | Order dismissing operative complaint for a failure to state a claim.  The Court granted defendants' motion to dismiss for failure to state a claim but granted Plaintiff leave to amend the complaint.  (Doc. No. 23).  Because Plaintiff failed to file an amended complaint, complaint was dismissed for a failure to prosecute under Rule 41(b).  (Doc. No. 28).   This dismissal counts as a strike. *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that a |

---

[3] *See* http://pacer.usci.uscourts.gov.

| | | dismissal counts as a strike when the district court dismisses a complaint for a failure to state a claim, grants leave to amend, and the plaintiff fails to amend the complaint). |
|---|---|---|
| November 25, 2020 | *Allen v. Bentacourt, et al.*, Case No. 1:18-cv-01187-DAD-GSA (E.D. Cal. 2015) | Order adopting Findings and Recommendations to dismiss the case for a failure to state a claim and a failure to obey a court order.  Plaintiff's appeal of the judgment is still pending.  Nonetheless, the district court's dismissal qualifies as a strike. *See Harris*, 863, F.2d at 1142; *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015) (holding that the court may count a dismissal as a strike even if the appeal is pending). |
| July 1, 2019 | *Allen v. Lopez, et al.* Case No. 1:19-cv-00154-DAD-BAM (E.D. Cal. 2019) | Order adopting Findings and Recommendations to dismiss the operative complaint for a failure to state a claim.  The Ninth Circuit affirmed the dismissal. (*See* Doc. No. 21). |

As evidenced above, Plaintiff has had three or more qualifying strikes for purposes of § 1915(g).

**B. The Imminent Danger Exception Does Not Apply**

Because Plaintiff has three-qualifying strikes, he may not proceed IFP unless the Complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury as of the date the complaint is filed.  *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).  Liberally construing the Complaint, the undersigned finds it contains no plausible allegations sufficient to allege Plaintiff was in imminent danger of serious physical injury at the time he filed the action to invoke the § 1915(g) exception.  (*See generally* Doc. No. 1).  Plaintiff alleges one isolated incident of physical harm involving the above-referenced arm twisting.  His Complaint does not contain any facts indicating an ongoing pattern of physical harm.  *See*

1  *Andrews*, 493 F.3d at 1056-57 ("[A] prisoner who alleges that prisoner official continued with a

2  practice that has injured him or others similarly situated in the past will satisfy the 'ongoing

3  danger' standard…").  An isolated incident that occurred approximately nine months prior to

4  filing this complaint is not enough to show imminent danger under §1915(g).  *See Bayramoglu v.*

5  *Cate*, 2014 WL 3704798, *5-*6 (N.D. Cal. Jul. 23, 2014) (finding that plaintiff was not in

6  imminent danger when plaintiff alleged an isolated disciplinary charge and handcuffing incident

7  that occurred years before plaintiff filed his complaint).

8      ACCORDINGLY, it is **ORDERED**:

9      The Clerk of Court randomly this case to a United States District Judge.

10      It is further **RECOMMENDED**:

11      1.  Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 11) be DENIED under §

12  1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

13      2.  This action be DISMISSED without prejudice after providing Plaintiff an

14  opportunity to pay the filing fee.

15      <u>NOTICE TO PARTIES</u>

16      These findings and recommendations will be submitted to the United States district judge

17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14)**

18  **days** after being served with these findings and recommendations, a party may file written

19  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

20  Findings and Recommendations."  Parties are advised that failure to file objections within the

21  specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

22  838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

23

24  Dated:  July 14, 2022

25              HELENA M. BARCH-KUCHTA
            UNITED STATES MAGISTRATE JUDGE

26

27

28